Peerless Springs, Inc. v. Commissioner.
Peerless Springs, Inc. v. Commissioner
Docket No. 108914.
United States Tax Court
1943 Tax Ct. Memo LEXIS 497; 1 T.C.M. (CCH) 452; T.C.M. (RIA) 43035; January 22, 1943
*497 The petitioner is entitled to the deficit credit provided by section 26(c)(3) of the Revenue Act of 1936, as amended by section 501(a) of the Revenue Act of 1942. Philip C. Herr, Esq., 1600 Arch St., Philadelphia, Pa., for the petitioner. Paul E. Waring, Esq., for the respondent. TYSON Memorandum Opinion TYSON, Judge: The respondent determined deficiencies in income tax in the amounts of $286.34 for the fiscal year ended July 31, 1937 and $616.79 for the fiscal year ended July 31, 1938 and deficiencies in excess-profits tax for those years in the amounts of $2.33 and $4.65, respectively. The deficiencies in income tax only are in controversy and the case was tried and argued on the single question of whether, under section 26(c)(2) of the Revenue Act of 1936, the petitioner is entitled to a credit, in each of the taxable years; of an amount equal to its adjusted net income, for the purpose of computing its surtax on undistributed profits. The parties filed a stipulation of facts and introduced numerous exhibits and the facts shown by the stipulation and exhibits are hereby adopted as our findings of fact. Since the submission of the case, Congress, by section 501 of the Revenue *498 Act of 1942, has amended section 26(c) of the Revenue Act of 1936, effective as of the date of the enactment of the latter act, so as to allow an additional credit to those corporations which are prohibited by law or by an order of a public regulatory body from paying dividends during the existence of a deficit. The new provision, section 26(c)(3), appears in the margin. [1] The petitioner now claims that it is entitled to a credit in each of the taxable years under the statute as so amended. The stipulated facts show that the petitioner is a Pennsylvania business corporation which was organized in 1926 and which, from 1928 to the time of the hearing, had an outstanding capital stock consisting *499 of 1,000 shares of common stock, without nominal or par value, having a stated value on its books of $75,000, and 73 shares of preferred stock of the total par value of $7,300. The facts further show that, as of the close of the fiscal year ended July 31, 1936, the aggregate of the petitioner's liabilities, including in such liabilities the amount of its stated capital of $82,300, exceeded the aggregate of its assets, thereby resulting in a deficit in the amount of $126,720.60; and that, as of the close of the fiscal year ended July 31, 1937, the aggregate of the petitioner's liabilities, including in such liabilities the amount of its stated capital of $82,300, exceeded the aggregate of its assets, thereby resulting in a deficit in the amount of $123,067.30. Article VII, section 701, of the "Business Corporation Law" of Pennsylvania, enacted May 5, 1933, P.L. 364, and as amended by the Act of July 17, 1935, P.L. 1123 (Purdon's Penna. Annotated Statutes, Tit. 15, ch. 49B, section 2852-701) provides as follows: A. Subject to any restrictions contained in the articles of the corporation and the provisions of this article, any business corporation, by its board of directors, may declare *500 and pay dividends upon the outstanding shares of the corporation out of its surplus, as hereinafter provided, from time to time and to such extent as the board of directors may deem advisable. Dividends may be paid in cash, in property, or in shares of the corporation, but no corporation shall pay dividends: (1) In cash or property, except from the surplus of the aggregate of its assets over the aggregate of its liabilities, including in the latter the amount of its stated capital, after deducting from such aggregate of its assets the amount by which such aggregate was increased by unrealized appreciation in value or revaluation of fixed assets, unless the amount thereof shall have been transferred to, or included in, its stated capital. (2) In shares of the corporation, except from the surplus of the aggregate of its assets over the aggregate of its liabilities, including in the latter the amount of its stated capital. This statute was, as shown, in effect prior to May 1, 1936. Section 707 of Article VII expressly prohibits the directors from declaring or paying dividends, or authorizing or ratifying the withdrawal or distribution of any part of the corporate assets to shareholders, *501 except as authorized in the act, and it makes them jointly and severally liable to the corporation for the amount of any unlawful dividend or distribution. Upon the facts shown by the record the petitioner was prohibited by the provisions of the Pennsylvania law from paying dividends during the existence of the above-stated deficit and the petitioner therefore is entitled to the credit provided by section 26(c)(3), supra. Decision will be entered under Rule 50. Footnotes
1. (C) Restrictions on Payments of Dividends. - * * *
(3) Deficit Corporation. - In the case of a corporation having a deficit in accumulated earnings and profits as of the close of the preceding taxable year, the amount of such deficit, if the corporation is prohibited by a provision of a law or of an order of a public regulatory body from paying dividends during the existence of a deficit in accumulated earnings and profits, and if such provision was in effect prior to May 1, 1936.↩